# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM H. YELLAND,<br><br>　　　　Plaintiff,<br><br>　-v.-<br><br>ABINGTON HEIGHTS SCHOOL DISTRICT, BOARD OF DIRECTORS FOR THE ABINGTON HEIGHTS SCHOOL DISTRICT, MICHAEL MAHON, EDUARDO ANTONETTI, and MICHAEL ELIA<br><br>　　　　Defendants. | Case No. 3:16-cv-02080<br>(Judge Mannion) |

## PLAINTIFF WILLIAM H. YELLAND'S
## BRIEF REGARDING DEPOSITION OF MINOR

During a discovery conference on May 12, 2017, Plaintiff asked this Court for assistance serving a subpoena on Student C, whose father refused to allow the process server to effectuate service. The Court requested briefing on the question of Plaintiff's right to depose a non-party minor over a parent's objection.

**I.     INTRODUCTION**

On May 2, 2017, Plaintiff sought to serve a subpoena on Student C. Student C's father, however, refused to allow the process server to serve his son and forcefully told the process server to leave his property. *See* Exhibit A (proof of non-service). Further, Student C's father noted that his son would not testify against any teacher because "[Student C] has three more years at [Abington

Heights High School].": *Id.* Student C's father's response to the process server confirms statements he previously made to counsel that he is afraid that Abington Heights School District will retaliate against his son (and the rest of his children in the school system) if Student C gives testimony detrimental to the school. Here, Student C's testimony is highly relevant; is not duplicative; Student C's father's concerns are hypothetical; and Student C would not suffer from "irreparable harm" if deposed. As described below, Plaintiff is entitled to depose Student C despite his father's informal objection and speculative concerns. Further, as noted above, and in light of Student C's father's response to and treatment of the process server, Plaintiff respectfully requests that this Court issue an order directing the United States Marshals Service to serve Student C with a subpoena to testify at a deposition in this matter and a subpoena to produce documents in this matter.[1]

## II. ARGUMENT

The Federal Rules do not differentiate between minors and adult for the purposes of a deposition. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose *any person*, including a party, without leave of court except as provided in Rule 30(a)(2).") (emphasis added). Courts generally allow the deposition of a non-party minor over the objection of a parent provided the sought-

---

[1] Redacted versions of the subpoenas are attached as Exs. B and C. Plaintiff contemporaneously moved to file the attached redacted subpoenas under seal. Plaintiff's motion will be filed in hard copy with the Clerk on Monday, June 5, 2017.

2

after testimony is: (a) relevant; (b) not unreasonably duplicative; and (c) unlikely to cause the minor irreparable harm. *See, e.g.*, *Arassi v. Weber-Stephen Products LLC*, No. 13-684, 2014 WL 1385336, at *3 (E.D. Wis. Apr. 9, 2014) (denying parents' motion to quash subpoenas compelling depositions of two minor children where testimony was relevant to parents' alleged injuries and rejecting parents' contention that the children would incur significant mental stress by reasoning that the testimony was relevant and that irreparable harm could be avoided by reasonable limitations such as length and/or subject matter); *Hamilton v. Southland Christian School, Inc.*, No. 6:10-871, 2011 WL 13143561, at *3 (M.D. Fla. Apr. 18, 2011) (allowing defendant to depose 13- and 14-year-old non-party minors); *Flanagan v. Wyndham Intern. Inc.*, 231 F.R.D. 98 (D.D.C. 2005) (finding that the defendant was entitled to depose non-party minor over objection because the testimony was relevant to the sexual harassment suit of another child; the testimony was not unreasonably duplicative; and the conclusory statements regarding irreparable harm did not show that she would suffer from psychological or other harm if deposed).

Here, it is unquestionable that Student C's testimony is relevant to the issues at hand. The Complaint alleges that during the Defendants' investigation, the Defendants solely included inculpatory evidence and ignored exculpatory evidence. *See* Complaint at ¶ 125. Specifically, Defendants noted as grounds for

3

dismissal that Plaintiff, *inter alia*, while holding Student C down, demanded that he "lick the floor." *Id.* at ¶ 106. Student C, however, has since told Plaintiff that he never made such statements. Student C's testimony regarding whether he actually made those statements is directly relevant to Plaintiff's claims and the parties should be entitled to explore such testimony under oath. Further, Student C's testimony would not be duplicative because there is no superior source for the same testimony and Student C has not testified under oath concerning this matter.

Finally, neither Student C nor his father has shown that Student C would suffer any harm at all—let alone "irreparable harm"—if he is deposed. Student C is a sixteen-year-old high school student, presumably of sound body and mind. The only supposed harm asserted is the father's notion that the Abington Heights School District will retaliate against Student C (and his siblings) if Student C testifies negatively. The father has provided no facts to support his apparent suspicion that the Abington Heights School District might attempt to obstruct justice by way of witness intimidation, which of course would amount to a criminal act. To the extent the father has any specific facts to support his suspicion, he should come forward with them. Otherwise, the deposition should go forward.

## III. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the assistance of the Court, through the United States Marshals Service, in serving Student C and compelling his testimony under oath and the production of documents.[2]

Dated: June 2, 2017                     /s/ *Jason P. Gosselin*

                                         Stephen C. Baker (PA 32326)
                                         Jason P. Gosselin (PA 76382)
                                         Joseph M. Kelleher (PA 307556)
                                         One Logan Square, Ste. 2000
                                         Philadelphia, PA 19103
                                         Tel: 215-988-2700
                                         Fax: 215-988-2757

                                         *Attorneys for Plaintiff*
                                         *William H. Yelland*

---

[2] "It is the primary role and mission of the United States Marshals Service to provide for the security and to obey, execute, and enforce all orders of the United States District Courts . . . as provided by law." 28 U.S.C. 556 (a). Further, "[e]xcept as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, *process,* and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties." 28 U.S. C. 556 (c) (emphasis added).

## **CERTIFICATE OF SERVICE**

I, Jason P. Gosselin, hereby certify that on June 2, 2017, I electronically filed the foregoing document with the Court's ECF system and that all counsel in the case are ECF users.

By: */s/ Jason P. Gosselin*
Jason P. Gosselin
