# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM H. YELLAND,** : | |
| : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:16-2080 |
| : | |
| v. : | (JUDGE MANNION) |
| : | |
| **ABINGTON HEIGHTS SCHOOL** | |
| **DISTRICT**, *et al.,* : | |
| **Defendants** : | |

## **MEMORANDUM**

Presently before the court is plaintiff's brief in support of his request to conduct the deposition of a minor non-party fact witness, Student C, against his parents' permission and to seek the court's authorization to serve subpoenas on Student C. (Doc. 31). The defendants have not taken any position regarding plaintiff's request. The plaintiff's request will be **GRANTED** and Student C will be compelled to testify at his deposition and to comply with the subpoenas.[1]

On October 14, 2016, plaintiff, William H. Yelland, filed this civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Named as defendants were Abington Heights School District, Eduardo Antonetti, the Board of Directors for the Abington Heights School District, Michael Elia, and Michael Mahon. Yelland was a former science teacher at Abington Heights Middle School. On April 8, 2015, Student A and the student's parents reported to Principal Elia

---

[1]Since the court stated the complete background of this case in its February 9, 2017 memorandum, (Doc. 18), it shall not fully repeat it herein.

and Vice Principal Antonetti that Yelland assaulted Student A during class. Yelland was suspended without pay and later terminated. Subsequently, Yelland was acquitted of state criminal charges stemming from the incident. In the instant action, Yelland essentially alleges that his 14th Amendment procedural due process rights were violated with respect to his suspension and termination.

On February 9, 2017, the court issued a memorandum and order, (Doc. 18, Doc. 19), and granted in part and denied in part defendants' motion to dismiss, (Doc. 6), plaintiff's complaint, (Doc. 1). Yelland was permitted to proceed with his 14th Amendment pre-deprivation procedural due process claim contained in Count I of his complaint as well as his state law malicious prosecution claim contained in Count III. Defendant AHSD Board of Directors was dismissed from this case with prejudice.

Remaining defendants filed their answer to the remaining claims in Yelland's complaint. (Doc. 20). Discovery then ensued. Yelland sought to subpoena Student C to take his deposition and to produce documents. However, Student C's father objected and prevented service of the subpoenas on his son. (Doc. 31-2). Yelland now seeks the court's assistance to have his subpoenas served on Student C so that he can be deposed.

Yelland seeks to depose Student C, who was a student in the middle school in AHSD during the time Yelland taught there, as a fact witness, regarding his statements to defendants, alleging that Yelland physically

abused him, which defendants claim he made during their internal investigation into the assault allegations Student A asserted against Yelland. Student C is a minor still enrolled in AHSD and he is not a party in this case. On May 2, 2017, Student C's father refused to allow his son to testify at a deposition and he ejected Yelland's process server from his property who was attempting to serve Yelland's deposition and document production subpoenas on Student C. (Doc. 31-2). On May 12, 2017, the court conducted a discovery dispute telephone conference with counsel for the parties regarding, in part, the incident in trying to serve the subpoenas on Student C and Yelland's request for the court's permission to depose Student C. (Doc. 26). The court directed Yelland to file a brief regarding his request to depose Student C. Defendants did not take any position regarding Yelland's request.

On June 2, 2017, Yelland filed his brief regarding the deposition of Student C with exhibits. (Doc. 31). Yelland attached redacted versions of the subpoenas directed to Student C as Exhibits B and C. (Doc. 31-3, Doc. 31-4). Defendants did not file a responsive brief. The issue is whether the court will compel a minor non-party witness to be deposed against his parents' consent and permission.

Yelland's subpoenas to depose Student C was issued under Fed.R.Civ.P. 45. The court in Highland Tank & Mfg. Co. v. PS Intern., Inc., 277 F.R.D. 374, 379 (W.D. Pa. 2005), stated:

    Generally, Federal Rule of Civil Procedure 45 authorizes the

3

issuance of a subpoena commanding a person to whom it is directed to attend and give testimony, or to produce and permit the inspection of designated documents. [footnote omitted]. Rule 45(a)(1)(C). Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit. *See* [Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45](#).

The Federal Rules of Civil Procedure do not distinguish minors from adults for depositions. Rule 30(a)(1) provides, "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Even if a parent objects to the deposition of a non-party minor child, courts have allowed the testimony provided it is: (a) relevant; (b) not unreasonably duplicative; and (c) unlikely to cause the minor irreparable harm. Arassi v. Weber-Stephen Products LLC, 2014 WL 1385336 (E.D.Wis. Apr. 9, 2014); Flanagan v. Wyndham Intern. Inc., 231 F.R.D. 98 (D.D.C. 2005).

First, the court considers whether Student C's testimony is relevant to this case. During defendants' investigation into the assault allegations made against Yelland by Student A, Yelland states that defendants also found some alleged incidents between himself and Student C. Thus, in the May 7, 2015 Notice of Dismissal that the School District sent Yelland, it contained seven grounds for termination, including the following grounds regarding Student C:

> d. In recent weeks, Yelland pushed Student C into a table and began to wrestle him. Yelland swept the student's feet out from under him, throwing the student onto his back on the floor.
> e. In recent weeks, Yelland grabbed Student C by the head and forced him to the floor. While holding the student down, Yelland demanded that the student "lick the floor." In spite of being held

> down forcefully, the student refused. In response Yelland grabbed the student by the head and pulled Student C's sweatshirt around his neck until he could not breathe. The student licked the floor in order to end Yelland's assault.
> f. On April 17, 2015 Yelland attempted to stab Student C with a pen, causing the student to "get away." Later that same day, Yelland forcefully stuck his thumb into the student's jaw at a "pressure point" in order to cause pain. Yelland attempted to force Student C into the mud, but Student C was able to break free.
> g. On April 8, 2015 Yelland forcefully punched Student C in the stomach leaving the student short of breath unable to breathe. Student C fell to the ground following the attack.

(Doc. 1, ¶106).

Yelland alleges that "[t]he grounds asserted by the Defendants in the Notice of Dismissal, which were based on the Principals' sham investigation and report, were completely untrue. Mr. Yelland did not do any of the things alleged." (Doc. 1, ¶107). Yelland also avers that defendants fabricated these allegations to support the previously made decision to terminate him. Further, Yelland avers that defendants reported the alleged incidents regarding Student C to the Children, Youth, and Families Services and the criminal authorities, and that Children, Youth, and Families Services determined the abuse allegations regarding Student C were "unfounded."

Yelland states that "Student C,[ ], has since told Plaintiff that he never made [the above] statements" and that "Student C's testimony regarding whether he actually made those statements is directly relevant to Plaintiff's claims and the parties should be entitled to explore such testimony under oath." (Doc. 31, p. 4).

Based on the above, the court finds that Student C's testimony is indeed relevant to the issues in this case.

Next, as Yelland states, "Student C's testimony would not be duplicative because there is no superior source for the same testimony and Student C has not testified under oath concerning this matter." (Id.). Student C's testimony relates directly to Yelland's claims that the defendants' investigation was a sham and that the allegations against him were fabricated.

Finally, the court considers whether Student C has shown that he will suffer "irreparable harm" if he is deposed.

Student C's father basically contends that forcing his son to testify imposes an undue burden since his son and his other children may suffer retaliation while they are still attending school in the Abington Heights School District if his son's testimony is against the district's position. Student C's father has mere suspicions however, and he does not present any evidence to show that either Student C or his other children will suffer any "irreparable harm." Student C's father only speculates that the Abington Heights School District may try to intimidate or retaliate against Student C. Furthermore, there is no showing that any official or teacher in the school district has threatened to retaliate against Student C if he testifies in a deposition.

In Lamberth v. Clark County School Dist., 2015 WL 4076506 (D.Nev. July 1, 2015), the court ruled that Jacob Lamberth, the minor younger brother of Hailee Lamberth, a 13 year old student who committed suicide, and a

plaintiff in a case his parents filed against the school district, must answer the district's interrogatories. The court, 2015 WL 4076506, *4, stated:

> Courts, while mindful of the adverse emotional effect that discovery may have on a child plaintiff or witness, have generally refused to preclude an opposing party from obtaining the child's testimony on relevant and material issues in the case. In deciding what restrictions, if any, to impose on discovery directed to a young child party or witness, the court "must compare 'the hardship to the party [or person] against whom the discovery is sought, if discovery is allowed, with the hardship to the party seeking discovery if discovery is denied.'" Arassi v. Weber–Stephen Products LLC, 2014 WL 1385336 (E.D.Wis. 2014), at *2, quoting Marrese v. American Academy of Orthopedic Surgeons, 726 F.2d 1150, 1159 (7th Cir. 1984) (en banc).

The court in Lamberth, 2015 WL 4076506, *6, directed Jacob to answer the district's interrogatories and held that "the emotional stress that Jacob is likely to experience by being required to answer these interrogatories is not so substantial as to preclude them from being asked and answered."

The court finds that the hardship to Yelland if his request to depose Student C is denied is much greater than the alleged speculative hardship to Student C if he is compelled to testify. While the court understands the concerns of Student C's parents and their desire to protect their son, there is simply no evidence that any defendant or anyone at AHSD threatened retaliation against Student C or against his siblings, who also attend school in the district, if he testifies in this matter. As such, Yelland's request will be

7

granted and Student C will be directed to comply with Yelland's deposition subpoena. Additionally, defendants will be directed to immediately report to the court any complaint of retaliation made to them by Student C, his parents, or by any of his siblings attending school in the district. The court forewarns the parties that any witness intimidation in this case will not be tolerated.

Accordingly, the court will grant Yelland's request to compel Student C to be deposed. The court will also grant Yelland's request for assistance in serving his subpoenas and direct the United States Marshals Service, pursuant to 28 U.S.C. §566(a) and (c), to serve Student C with the subpoenas. Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person." However, "the text of Rule 45(b) 'does not unequivocally require' personal service, but instead, service 'requires delivering a copy' of the subpoena to the witness without specifying the method of delivery." Bland v. Fairfax County, Va., 275 F.R.D. 466, 471 (E.D.Va. 2011) (citations omitted). In *Bland*, the court " joined with the minority position in permitting other than personal service for Rule 45(b) third party witness subpoenas", and allowed the service of a subpoena on a witness to testify at trial by FedEx and certified mail since "the non-personal service was effected by means reasonably sure to complete delivery." The *Bland* Court conducted an extensive analysis of what constitutes delivery of a subpoena

on the named person for purposes of Rule 45. The court indicated that Wright and Miller, 9A Fed. Prac. & Proc. Civ. §2454 (3d ed.), noted "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." Id. at 468; *see also* In re New England Compounding Pharmacy, Inc. Products Liability Litigation, 2013 WL 6058483, *4-*5 (D.Mass. Nov. 13, 2013) ("This Court agrees with the growing minority trend and finds that service was proper in this case [by Federal Express or certified mail], where it was effectuated by a means reasonably calculated to complete delivery and the respondents received actual notice of the subpoena.").

This court concurs with the *Bland* Court's analysis, without repeating it herein, and with the finding that "the form of Rule 45(b), [ ], does not compel requiring personal service to the exclusion of other manners of service", id. at 472, for this particular case involving serving a minor. The court specifically notes that it limits its finding only to this case in order to protect the interests of the minor, especially since it finds that serving one of Student C's parents is without doubt "reasonably calculated to complete delivery."[2] Thus, the court

---

[2] As the court in Yarus v. Walgreen Co., 2015 WL 4041955, *2 n. 5 (E.D.Pa. July 1, 2015), noted, "[t]here is a split among the circuits whether 'delivery' of the subpoena requires personal delivery" and "the Third Circuit

will direct the Marshals Service to serve Yelland's subpoenas on one of Student C's parents who resides with him. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 18, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2080-02.wpd

---

has not issued a precedential decision on this issue." Although the *Yarus* Court also noted that "District Courts in this Circuit have consistently applied Rule 45's service requirement strictly", this court has specifically limited its holding to the instant case involving a minor.